Appeal from a decision of the Unemployment Insurance Appeal Board, filed July 5, 2011, which ruled that claimant was disqualified from receiving unemployment insurance benefits because her employment was terminated due to misconduct.
Claimant’s employment as a convenient store clerk was terminated after she admitted to consuming beverages from the store without paying for them. The Unemployment Insurance Appeal Board denied her application for unemployment insurance benefits on the ground that she lost her employment due to disqualifying misconduct. Claimant now appeals.
We affirm. A knowing violation of an employer’s established policies, which has a detrimental effect on the employer’s interest, has been held to constitute disqualifying misconduct (see Matter of Cheek [Commissioner of Labor], 89 AD3d 1313, 1313-1314 [2011]). Here, claimant had signed a document acknowl *787 edging that she was aware of the employer’s grazing policy that required employees to purchase any item before it was consumed and to have that receipt readily available. In view of this, we find that substantial evidence supports the Board’s decision (see id.). Claimant’s explanations for her conduct presented a credibility issue for the Board to resolve (see Matter of Weiner [Commissioner of Labor], 47 AD3d 1040 [2008]).
Rose, J.P., Spain, Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the decision is affirmed, without costs.